**In re: Ingrid OLSEN, Debtor.**

**Rey Olsen, Appellant,**

v.

**419 Apartment Corp., Appellee.**

**No. 06–1575–bk.**

United States Court of Appeals,
Second Circuit.

Nov. 13, 2006.

Reynold Olsen, pro se, New York, NY, for Appellant.

Bruce H. Wiener, Warshaw Burstein Cohen Schlesinger & Kuh, LLP, New York, NY, for Appellee.

PRESENT: WILFRED FEINBERG, PIERRE N. LEVAL and JOSÉ A. CABRANES, Circuit Judges.

**SUMMARY ORDER**

Appellant Rey Olsen, husband of the debtor in this Chapter 11 case, appeals from two final orders of the District Court, dated January 3, 2006, and February 8, 2006. The District Court's first order denied Olsen's appeal from two prior orders of the United States Bankruptcy Court for the Southern District of New York (Cornelius Blackshear, *Bankruptcy Judge*), which (1) memorialized the terms of a so-ordered stipulation of settlement arrived at in open court on November 9, 2004, and (2) denied Olsen's motion for reconsideration of the memorialization. The District Court's second order denied Olsen's motion for reconsideration of its earlier order. Olsen also appeals from the District Court's denial, by endorsement, of a motion for sanctions against appellee 419 Apartment Corp. ("419") under Fed. R.Civ.P. 11.

419 moves for sanctions against Olsen under Fed. R.App. P. 38 and for a permanent injunction against future filings by Olsen.

We assume the parties' familiarity with the underlying facts and procedural history of this case.

We do not agree with the District Court that, as a matter of law, any claim against 419's agents or attorneys "would be tantamount" to a claim against 419. *See Ott v. Barash,* 109 A.D.2d 254, 491 N.Y.S.2d 661 (2d Dep't 1985). Also, an attorney has no entitlement to indemnification if the liability against the attorney is based on fraud. *See* 2A N.Y. Jur. Agency § 249 ("An agent cannot have indemnity for damages suffered or liabilities incurred by reason of his or her own fraud or misconduct . . . ."); *see also* Restatement (Second) Agency § 439 cmt. f.

Moreover, whether the parties negotiated a settlement of claims against agents

and attorneys is an as-yet unresolved question of fact. The Bankruptcy Judge entered an order adopting 419's proposed settlement over the Chapter 11 debtor's objection and a later motion for reconsideration by Olsen without any hearing into what the parties said to one another in the settlement negotiations of November 9, 2004. To the extent the discussions of November 9 are recorded, they contain no mention of agents or attorneys. We see no basis for the District Court's conclusion that the February 16, 2005, memorialization by the Bankruptcy Judge of the stipulation "merely restates in more complete language that which was agreed to on the record on November 9."

We remand to the District Court for further remand to the Bankruptcy Court for a hearing to determine the content of the oral, off-the-record negotiations of November 9, 2004, to determine whether in fact the parties agreed to a release of attorneys and agents. We direct that by January 7, 2007, the Bankruptcy Court enter findings of fact and conclusions of law as to the scope of the settlement reached by the parties. Any appeal from that ruling of the Bankruptcy Court shall be directed to Judge Castel in the District Court, and any appeal from any decision of Judge Castel shall thereafter be directed to this panel. *See United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994). We do not consider, much less decide, the other issues raised in this appeal.

For the reasons stated above, the judgment of the District Court is vacated in part and the case is remanded for further proceedings consistent with this opinion. We deny without prejudice 419's motion for sanctions and injunctive relief.

The mandate shall issue forthwith.